**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHNNIE BRANNON,**
     **Petitioner,**

v.                                                                         Case No. 4:05cv307/WS/MD

**JAMES R. MCDONOUGH,**
     **Respondent.**
_____

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 15) to which petitioner has replied (doc. 19). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

In October 1998 petitioner was charged by information in the Circuit Court of Taylor County, Florida with one count of possession with intent to distribute cocaine and a second count of sale of cocaine, the offenses being committed on July 16, 1998. The same information charged two additional counts of the same two

offenses, these being committed on August 21, 1998 (doc. 15, ex. A, pp. 8-9).[1] Petitioner accepted a plea offer from the state to plead guilty to the third and fourth counts in return for dismissal of the first and second counts. The plea offer, signed by petitioner, provided that the state could seek habitual offender status, but that it would recommend an 18 month jail-bed program followed by three years drug offender probation (ex. A, p. 39). On April 8, 1999, after pleading guilty as agreed, petitioner was sentenced to four years drug offender probation on each count, concurrent (ex. A, p. 43-46). He was also adjudged an habitual felony offender (ex. A, p. 45).

Within four months of being placed on probation, petitioner was alleged to have twice tested positive for cocaine and marijuana. He also allegedly failed to file his required reports, changed his approved residence and his approved employment, failed to make timely payments toward his monetary obligations, and failed to attend scheduled appointments for drug and alcohol evaluations (ex. A, p. 55). He pleaded no contest to the violations on October 14, 1999. The court revoked his probation, confirmed its earlier finding that petitioner was an habitual felony offender, and sentenced him concurrently to fifteen years imprisonment on counts three and four of the information (ex. A, pp. 64-70, 116-119).

Petitioner appealed, claiming the court erred in sentencing him as an habitual felony offender (ex. A, p. 121). The First District Court of Appeal of Florida (First DCA) affirmed, noting that petitioner had raised an unpreserved sentencing error, which it could not address. *Brannon v. State*, 792 So.2d 498 (Fla. 1st DCA 2001). On motion for rehearing, the First DCA again affirmed, but certified two questions to the Supreme Court of Florida. The questions concerned the applicability of then-recent changes in Florida's Rules of Criminal Procedure dealing with the time for raising sentencing errors. *Brannon v. State*, 791 So.2d 1154 (Fla. 1st DCA 2001). The Florida

---

[1] Hereafter all references to exhibits will be to doc. 15 unless otherwise noted.

Supreme Court accepted jurisdiction and approved the First DCA's decision, thereby affirming petitioner's sentence. The Court held that because the sentencing issue had not been presented appropriately to the trial court, the issue was not preserved and could not be considered on appeal. *Brannon v. State*, 850 So.2d 452 (Fla. 2003). Consequently, the sentencing error petitioner was trying to raise (and which he raises here) was procedurally barred.

Petitioner also filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, arguing that his attorney was deficient in failing to ask the trial judge to recuse himself, and that petitioner was denied due process because the judge did not recuse himself voluntarily. Petitioner's stated reason for seeking recusal was his allegation that the judge had once been an assistant state attorney, and had prosecuted the petitioner in an earlier case in 1989 or 1991 (ex. N, pp. 6-7, 12). The trial court denied the motion in a written ruling without a hearing. The court rejected the ineffective assistance of counsel claim, holding that plaintiff had not met the first prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), (discussed below). It reasoned that petitioner had not shown that the judge was in fact prejudiced, and therefore petitioner could not show that counsel was deficient for failing to raise the issue. The court further held that plaintiff had failed to meet the second *Strickland* prong of prejudice, because he had not shown that the outcome would have been different if counsel had moved for recusal. The court also held that plaintiff's due process claim could and should have been raised on appeal, and was therefore procedurally defaulted (ex. N, p. 29). Petitioner's appeal of this order was unsuccessful (ex. P). Respondent concedes that the instant petition is timely as to all grounds (doc. 15, p. 4), but asserts that the first three grounds are procedurally barred.

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> **(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**
> **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
> **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> **In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the**

> **writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

120 S.Ct. at 1523 (O'Connor, J., concurring).  Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable.  More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case."  *Neelley v. Nagle,* 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'"  *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002)

(quoting *Williams*, 529 U.S. at 405-06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). *See also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004), where the court held that a state court decision involves an unreasonable application of clearly established Federal law if the state court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000)).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003)

(dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner raises four grounds for relief. The first three involve the claimed sentencing error. In essence, petitioner claims that (1) when the trial court originally habitualized him and then imposed a probationary sentence, the probationary sentence merged into the habitual felony offender finding, so that when petitioner violated probation, a new, more harsh sentence could not be imposed, (2) in imposing a harsher sentence, the court violated petitioner's Eighth and Fourteenth Amendment rights, and (3) the sentence was in violation of Florida law because the amount of cocaine he was convicted of possessing and selling was insufficient to trigger habitualization. The fourth ground for relief asserts a claim that the trial judge should have been asked to recuse himself, or should have done so *sua sponte*.

1. <u>Sentencing.</u>

As noted earlier, the thrust of petitioner's claim on his sentence is that it was illegally imposed. Respondent contends that the claim is procedurally barred. It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the

petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

This court will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court);

---

[2]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion." *Judd*, 250 F.3d at 1318, or in a manifestly unfair manner, *Ford v. Georgia*, 498 U.S. 411, 424-425, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance

of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Petitioner's sentencing claims are procedurally defaulted and cannot be considered by this court. Petitioner was given a full appeal, and even reached the Supreme Court of Florida. The Supreme Court explained its reasoning in the context of then-recently amended procedural rules, and found that petitioner had not taken the opportunity to raise his sentencing claim as and when he should have, and that Florida's appellate courts could not and would not review the claims. This was clearly an independent and adequate state ground of procedural bar or default, and must be enforced by this court. *Coleman, supra*. Petitioner has not shown cause for his default, and this is not a case of actual innocence. Therefore, the court should not review the claim.

Moreover, even if the issue were not defaulted, this court could not consider it because it involves purely a matter of state law. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas

corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent. It is up to the state courts to determine the interplay between the state's habitualization statute and its general sentencing plan.

Case No: 4:05cv307wsmd

*Branan, supra*. The state court's application of its procedural rules was not arbitrary or capricious.

    2. <u>Judicial bias.</u>

Petitioner's remaining claim for relief in this court concerns alleged ineffective assistance of counsel due to his attorney's failure to move to recuse an allegedly biased judge, and on the court's failure to recuse. The two relevant legal standards - ineffective assistance of counsel and freedom from judicial bias - overlap here, the second being the basis for the first. As to the first, in order to prevail upon a claim of ineffective assistance of counsel, the petitioner must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (citing *Strickland*). In evaluating counsel's performance, reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Chandler* at 1314. "Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir.), *cert. denied*, 513 U.S. 899, 115 S.Ct. 255, 130 L.Ed.2d 175 (1994). In evaluating the reasonableness of counsel's actions, a court must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As the Eleventh Circuit has emphasized:

> We must avoid second-guessing counsel's performance: "[I]t does not follow that any counsel who takes an approach we would not have chosen is guilty of rendering ineffective assistance." *Waters* [*v.*

>    *Thomas*, 46 F.3d 1506], 1522 (en banc).  Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.

*Chandler* at 1314 (footnote omitted).  Moreover, an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation.  Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment.  *Chandler* at 1314 n.15.

In order to meet the prejudice prong of the *Strickland* standard, petitioner must allege more than simply that the unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding."  466 U.S. at 693, 104 S.Ct. at 2067.  Instead, the petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.*, at 694, 104 S.Ct. at 2068.  Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are not sufficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  In applying *Strickland* the court may dispose of an ineffective assistance claim if petitioner fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).

To show judicial bias, petitioner must do more than make generalized allegations.  "The Due Process Clause entitles a person to an impartial and disinterested tribunal . . . . [I]t preserves both the appearance and reality of fairness, 'generating the feeling, so important to a popular government, that justice has been

done,' by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." *Marshall v. Jerrico, Inc*., 446 U.S. 238, 243, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980)(citations omitted). An impartial tribunal is so basic to a fair trial that its infraction can never be treated as harmless error. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Rogers*, 94 F.3d 1519, 1525 (11th Cir. 1996). A direct, personal, substantial pecuniary interest in the outcome of the case by the judge may constitute a Fourteenth Amendment due process violation. *Tumey v. State*, 273 U.S. 510, 523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927). And where the record shows that the trial judge is severely prejudiced against the defendant, reversal is warranted. *Sandstrom v. Butterworth*, 738 F.2d 1200 (11th Cir. 1984) (holding that where an attorney was referred to by the trial judge as "rude and nasty" and "acting like an animal," and that he was "sick of" him, and that his law partner was a "little creep," court showed severe prejudice and should not have presided at contempt proceeding). However, a trial judge's "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display" are not enough to establish bias. *Liteky v. United States*, 510 U.S. 540, 555-556, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

      Thus, in order to prove ineffective assistance of counsel, petitioner would have to show that counsel's failure to move for recusal was outside the range of reasonable professional assistance, and that there is a reasonable probability that a motion to recuse would have been successful. In order to do so, petitioner would have to show actual or presumed bias on the part of the trial judge. That he cannot do. In his motion for post-conviction relief petitioner alleged only that his attorney was ineffective in not moving for recusal, and that petitioner's constitutional rights were abridged because the trial judge prosecuted him when he was (an assistant)

"state attorney/official misconduct" which creates an "ethical conflict." Petitioner referred to "official misconduct," but read in context, it appears to be nothing more than a catch phrase. No official misconduct is anywhere described other than petitioner's bare allegation that the judge had prosecuted him in the past. In the instant habeas proceeding petitioner uses the same language in the same manner, adding only that he told his lawyer that the judge had prosecuted him in the past (doc. 1, pp. 5, 5B). Nowhere has petitioner expanded on his claim, and nowhere has he presented facts that, if true, show actual bias or prejudice.

This court will not "'blindly accept speculative and inconcrete claims . . . .'" *Raulerson v. Wainwright*, 753 F.2d 869, 876 (11th Cir. 1985) (quoting *Baldwin v. Blackburn*, 653f2d942, 947 (5th Cir. 1981)). Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971).[3] Thus, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *United States v. Jones*, 614 F.2d 80 (5th Cir. 1980). Petitioner has not shown "direct, personal, substantial pecuniary interest in the outcome of the case," *Tumey, supra*, or severe prejudice on the part of the judge, *Sandstrom, supra*, and has therefore failed to show actual bias.

Assuming for the sake of this discussion that petitioner could prove that the trial judge was formerly an assistant state attorney who prosecuted the petitioner for some undisclosed crime(s) in 1989 or 1991 (seven or more years before the subject offenses), he still would fall short of showing either ineffective assistance of counsel or a violation of due process. First, other than the assumed fact that the judge had been a prosecutor in a case or cases against him years earlier, petitioner

---

[3]Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

offers no evidence of bias of any kind. Instead, it appears that he wants this court to say that there is a presumption of bias under these circumstances. No such presumption exists. In *Del Vecchio v. Illinois Dept. Of Corrections*, 31 F.3d 1363, 1375 (7th Cir. 1994) the court exhaustively surveyed the law on this issue, and held that prosecuting a defendant in one case is not the kind of action from which a court can presume bias or prejudgment in a future case. *See also*, *Corbett v. Bordenkircher*, 615 F.2d 722, 724 (6th Cir. 1969) (There is no pro se rule that due process requires recusal "simply because a judge has prosecuted a defendant in the past in performing his duty as a public official . . . ."); *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir. 1969) ("The petitioner's . . . contention that the trial judge was a district attorney at the time of one of his convictions . . . is not a sufficient ground for disqualification and does not present a question cognizable in habeas corpus."). Petitioner's conclusory allegation that the judge may have been biased by the earlier prosecution is insufficient.

Having to failed to show either that the judge was in fact biased, or that there is a presumption of bias under these facts, petitioner cannot show that he was denied due process. And since he cannot establish bias, he cannot show either deficient conduct on the part of his counsel, or prejudice, since any motion to recuse would have been denied. Counsel cannot be shown to be deficient for failing to make a losing objection, and a petitioner cannot be prejudiced by his counsel's failure to make such an objection. *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005). Petitioner cannot meet either prong of *Strickland*. Consequently, the state court's ruling did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d) (1); *Williams, supra*. Petitioner is not entitled to federal habeas relief, and the writ should not issue.

Case No: 4:05cv307wsmd

**Accordingly, it is respectfully RECOMMENDED** that the petition for writ of habeas corpus, (doc. 1) challenging the conviction and sentence in the case of *State of Florida v. Johnnie Edward Brannon*, in the Circuit Court of Taylor County, Florida, case no. 98-220, be DENIED, and that the clerk be directed to close the file.

At Pensacola, Florida this 20th day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 4:05cv307wsmd*